UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANTHONY PELLEGRINO,** | Civ.No. 2:13-559 (WJM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.** | |
| **Defendant.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Pro se Plaintiff Anthony Pellegrino brings this action against Defendant The Great Atlantic & Pacific Tea Company, Inc. (A&P), alleging violations of the Americans with Disabilities Act. This matter comes before the Court on Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim. There was no oral argument. L.Civ.R. 78(b). For the reasons set forth below, Defendant's motion is **GRANTED**.

I.     **BACKGROUND**

Plaintiff filed this claim under the Americans with Disabilities Act on January 17, 2013, seeking damages in connection with his termination of employment. (ECF No. 1) Termination of employment was on April 20, 2010. (*Id.* at ¶ 27)

Defendant A&P filed for Chapter 11 bankruptcy on December 12, 2010. (Defendant's Brief at 1) On May 9, 2011, Plaintiff was served with a "Notice of Deadline Requiring Submission of Proofs of Claim on or Before June 17, 2011." (Affidavit of Melissa Loomis) Plaintiff filed two claims on February 22, 2011 and May 16, 2011. (Plaintiff's Opposition Brief)

On February 27, 2012, the Bankruptcy Court confirmed A&P's Chapter 11 Plan of Reorganization ("the Bankruptcy Plan"). (Defendant's Exhibit A) The Confirmation Order specifically provided that, "The rights afforded in the Plan and the treatment of all Claims and Interests shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature, whatsoever." (Defendant's Exhibit A at 59)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Defendant submits documents from the Bankruptcy Plan for consideration in its motion. As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings; if it does consider extraneous documents, the motion must be converted to a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is "to afford the plaintiff an opportunity to respond." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

The court may, however, consider matters of public record that are undisputedly authentic without converting the motion to one for summary judgment. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (*citing Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d at 1196).

The court will take judicial notice of A&P's Bankruptcy Plan without converting the motion to dismiss to one for summary judgment, as this is a matter of public record. *See Malin v. JPMorgan*, 860 F. Supp. 2d 574, 578 (E.D. Tenn. 2012).

2

("[T]he orders of the Bankruptcy Court, are matters of public record and therefore the Court's taking of judicial notice of the bankruptcy filings do not convert this motion into one for summary judgment.").

### III. DISCUSSION

A&P's motion will be granted because Plaintiff's claim arose before the confirmation of the Bankruptcy Plan, and the Bankruptcy Plan itself precludes the Plaintiff's claims.

Under Section 1141(d)(1)(A) of the Bankruptcy Code, any "debt" arising before the reorganization plan's confirmation is discharged. For the purpose of Section 1141(d), the definition of a "debt" includes "liability on a claim." 11 U.S.C. § 101(12). "Claim" under the Bankruptcy Code includes a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). There are exceptions under which a creditor may still seek repayment of a debt, but Plaintiff makes no allegation that would plausibly make any of the exceptions applicable. *See* 11 U.S.C. § 1141(d)(2)-(3).

Pellegrino's "right to payment" on his claim arose when A&P terminated him from his position on April 20, 2010, which was before the confirmation of the Bankruptcy Plan. *See Garland v. US Airways Inc.*, 270 F. App'x 99, 102 (3d Cir. 2008). Therefore the Bankruptcy Code protects A&P from his claim. *Compare with id.* (finding that Bankruptcy Code discharged employment-based claims that arose at the time of employee's termination, which was before the confirmation of the Chapter 11 reorganization plan.).

Moreover, the Bankruptcy Plan itself specifically discharged all debts with all interested creditors. Having filed his own two claims in the bankruptcy proceeding, Pellegrino was one of these creditors whose debts were specifically discharged by the Bankruptcy Plan.

### IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**. An appropriate order follows.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 22, 2013**